UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PAUL BACA,

Petitioner,

v.

ROB MUNDT, Warden,

Respondent.

Civil 02-334 (PAM/AJB)

**ORDER**

Petitioner is a federal prisoner who is currently confined at the Federal Correctional Institution, Waseca, Minnesota, ("FCI-Waseca"). He commenced this action by filing a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner did not pay the filing fee required for this action, (see 28 U.S.C. § 1914(a)), but instead filed an application for leave to proceed in forma pauperis, ("IFP"). The matter is presently before the Court for consideration of Petitioner's IFP application.

For the reasons discussed below, the Court finds that Petitioner's habeas corpus petition must be stricken, and that his IFP application cannot be granted at this time. Petitioner will be granted leave to file an amended pleading, and his IFP application will be reconsidered if he pays the initial partial filing fee required by 28 U.S.C. § 1915(b).

A. Petitioner's Pleading

Petitioner claims that the federal Bureau of Prisons, ("BOP"), is violating his federal constitutional rights by prohibiting his step-daughter from visiting him in prison.[1] As far as the Court can tell, Petitioner is looking for some type of injunction or other court order that

[1] The step-daughter apparently was involved in the drug dealing business that caused Petitioner to be convicted and imprisoned.

FILED FEB 12 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

would compel the BOP to allow his step-daughter to visit him. There is no indication that Petitioner is attempting to expedite his release from prison.

Although Petitioner has attempted to bring this action under a federal habeas corpus statute, (28 U.S.C. § 2241), it is readily apparent that the relief he is actually seeking is not available in a habeas proceeding. Habeas corpus is a remedy that is available when a prisoner is challenging the fact or duration of his confinement. Heck v. Humphrey, 512 U.S. 477, 481 (1994); Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973); Otey v. Hopkins, 5 F.3d 1125, 1130-31 (8th Cir. 1993), cert. denied, 512 U.S. 1246 (1994). In this case, Petitioner is not challenging the propriety of his conviction or sentence, nor is he challenging the duration of his incarceration. The relief that Petitioner is seeking – an order that would allow his step-daughter to visit him -- has no direct bearing on either the validity of his underlying conviction or on the proper duration of his sentence. Therefore, the federal habeas corpus statutes, under which Petitioner is attempting to proceed, do not provide a remedy for Petitioner's current claims.

Our Court of Appeals has clearly explained that:

> "If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy. [Citation omitted.]... Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ."

Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam) (emphasis added).

Because Petitioner is not challenging the validity of his conviction or the length of his sentence, he has not stated a viable claim for habeas corpus relief. According to Kruger, habeas corpus is not an available remedy for Petitioner's present claim for relief,

and thus the instant habeas corpus petition cannot be entertained by this Court.

This is not to say that there are no legal remedies of any kind for the claim that Petitioner is attempting to assert. If he could prove that the BOP is violating his rights under federal law or the Constitution, he might be entitled to some equitable relief, (perhaps an injunction or declaratory judgment), in a traditional civil action -- i.e., a non-habeas action. However, if Petitioner wishes to commence such an action, he will have to file a proper pleading -- i.e., a civil complaint, rather than a habeas corpus petition. Furthermore, because Petitioner is a prisoner, he will have to use the civil rights complaint form prescribed for prisoner actions filed in this District. See Local Rule 9.3.

Petitioner's habeas corpus petition will therefore be stricken, and he will be given 20 days to file a proper civil pleading to be entitled "Amended Complaint." If Petitioner elects to file an Amended Complaint, he must follow the pleading requirements prescribed at Fed. R. Civ. P. 8-11; and he must use the prisoner complaint form that is available from the Clerk of Court, as required by Local Rule 9.3. If Petitioner does not file an Amended Complaint within the time allowed, he will be deemed to have abandoned this action, and it will be recommended that the case be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). If Petitioner does file an Amended Complaint in a timely manner, that pleading will be screened pursuant to 28 U.S.C. § 1915A. If the Court finds that Petitioner's Amended Complaint fails to state an actionable claim, it will be recommended that the action be summarily dismissed pursuant to § 1915A(b).

B. Petitioner's IFP Application

Because Petitioner is a prisoner, his IFP application is subject to the applicable provisions of the Prison Litigation Reform Act, ("PLRA"), Pub. L. No. 104-134, 110 Stat.

1321, which became effective on April 26, 1996. Following the enactment of the PLRA, 28 U.S.C. § 1915(b) now provides that --

> "(1) ... if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
>
> > (A) the average monthly deposits to the prisoner's account; or
> >
> > (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . .
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid."

(Emphasis added.)

Under the PLRA, prisoners who are granted IFP status are not excused from paying the court filing fee altogether, (as is the case for non-prisoner IFP litigants). Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. "The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time." Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

In the instant case, Petitioner's IFP application includes a certified statement pertaining to his inmate trust account, (as required by § 1915(a)(2)), which shows that his average monthly deposit during the preceding six months was $156.75, and his average monthly balance during the same period was $46.00. Because the average monthly deposit amount is greater than the average monthly balance amount, Petitioner's initial partial filing fee will be twenty percent (20%) of the former, i.e., $31.35 ($156.75 x 20% = $31.35). Pursuant to § 1915(b)(1), Petitioner must pay that amount as an initial partial filing fee before this action will be allowed to proceed. Thereafter, the remaining balance of the $150.00 filing fee will have to be paid in installments. Prison officials will have to deduct funds from Petitioner's trust account and submit such funds to the Court, as provided by § 1915(b)(2).

If the initial partial filing fee prescribed herein is paid, (and if Petitioner files an Amended Complaint as required above), within twenty (20) days after the date of this order, the case will be allowed to go forward. It should be noted again, however, that if such initial partial filing fee is timely paid, Petitioner's pleading (i.e., the Amended Complaint) will still have to be "screened" pursuant to § 1915A to determine whether he has stated a claim on which relief may be granted.[2] Only if Petitioner's pleading survives such screening will the Court grant IFP status and order that a summons be issued and that Defendant(s) be served by the U.S. Marshal. If the initial partial filing fee is not paid within twenty (20) days, Petitioner will be deemed to have abandoned this action, and it will be recommended that

[2] Petitioner must realize that prison officials are given very broad discretion when it comes to prison security issues, such as visitation privileges. He should be mindful of that principle when deciding whether to commit himself to paying $150 to pursue his present claims.

the case be dismissed without prejudice for lack of prosecution. Fed. R. Civ. P. 41(b).

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Petitioner's application for habeas corpus relief pursuant to 28 U.S.C. § 2241 is STRICKEN, without prejudice;

2. Petitioner is granted leave to file an Amended Complaint, consistent with Fed. R. Civ. P. 8-11 and Local Rule 9.3, but if he does not file an Amended Complaint within 20 days after the date of this order, it will be recommended that this action be dismissed without prejudice; and

3. If Petitioner elects to pursue this action by filing an Amended Complaint, he must also pay an initial partial filing fee of $31.35, pursuant to 28 U.S.C. § 1915(b)(1), within 20 days after the date of this order, failing which it will be recommended that the action be dismissed without prejudice.

Dated: February 11th, 2002

ARTHUR J. BOYLAN
United States Magistrate Judge