UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PAUL BACA,

Petitioner,

v.

ROB MUNDT, Warden,

Respondent.

Civil No. 02-334 (PAM/AJB)

REPORT AND RECOMMENDATION

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's pro se "Application To Proceed Without Prepayment of Fees" (Docket No. 2), by which he is seeking leave to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915. The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that Petitioner's IFP application be denied and that the action be dismissed without prejudice.

Petitioner, an inmate at the Federal Correctional Institution at Waseca, Minnesota, commenced this action on February 7, 2002, by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket No. 1.) His petition was not accompanied by the filing fee prescribed by 28 U.S.C. § 1914(a), but he instead submitted the application for IFP status that is now before the Court.

Upon examining Petitioner's application for habeas corpus relief, the Court found that Petitioner was challenging the conditions of his confinement, rather than the fact or duration of his confinement. Because a prisoner cannot challenge the conditions of his

FILED MAR 13 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

confinement in a habeas corpus proceeding, (see Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam)), the Court ordered that Petitioner's initial habeas petition be stricken without prejudice. (Order dated February 11, 2002; [Docket No. 3].) The Court's order advised Petitioner that if he still wanted to pursue his conditions-of-confinement claim, he would have to file a civil complaint in lieu of his habeas petition. Petitioner was given 20 days to file a new pleading to be entitled "Amended Complaint."

The Court's prior order also pointed out that because Petitioner is in custody, his IFP application is subject to the requirements of the Prison Litigation Reform Act of 1995, ("PLRA"). This means, inter alia, that he is required to pay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). Petitioner's initial partial filing fee, under the formula set forth at § 1915(b)(1), is $31.35. Petitioner did not tender his initial partial filing fee with his original pleading and IFP application, so the Court directed him to do so within 20 days.

Thus, the Court's prior order of February 11, 2002, directed Petitioner to (a) file an Amended Complaint within 20 days, and (b) pay his initial partial filing fee of $31.35 within 20 days. The order expressly advised Petitioner that if he did not satisfy both of those requirements within the prescribed 20-day period, he would be deemed to have abandoned this action, and it would be recommended that his case be dismissed pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

The deadline by which Petitioner was required to file his Amended Complaint and pay his initial partial filing fee has now passed, and Petitioner has not satisfied either of those two requirements. Indeed, the Court has not received any communication at all from Petitioner since the order of February 11, 2002, was entered. Therefore, in accordance with that prior order, it is now recommended that Petitioner be deemed to have

abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See also In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Petitioner's Application to Proceed Without Prepayment of Fees, (Docket No. 2), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE.**

Dated: March 12, 2002

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.